IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WYLAND<br><br>    Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION (FIFA), FIFA (AMERICAS) INC., FWC2026 US, INC., 3PZ PROPERTY COMPANY, LLC, and SLATE ASSET MANAGEMENT,<br><br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wyland files this Original Complaint against Defendants Fédération Internationale de Football Association (FIFA) (the "Federation"), FIFA (Americas), Inc. ("FIFA Americas"), FWC2026 US, Inc. ("FWC US," and collectively with the Federation and FIFA Americas referred to here as "FIFA"), 3PZ Property Company, LLC ("3PZ"), and Slate Asset Management ("Slate"), and states as follows:

### SUMMARY OF COMPLAINT

1.      Wyland is among the most recognized and celebrated environmental artists in the world. His works champion the mission of marine conservation. In 1999, as part of a 100-mural series designed to raise awareness about ocean pollution in land-locked cities, Wyland completed his celebrated mural "Ocean Life," also known as Whaling Wall 82 (the "Dallas Whaling Wall Mural"). The Dallas Whaling Wall Mural was an eight-story-high visual art mural located on the exterior of a building at 505 N. Akard Street in Downtown Dallas, Texas (the "Building"). For nearly thirty years, the Dallas Whaling Wall Mural stood as a beloved landmark in Downtown

Dallas, depicting an ocean scene with true to scale humpback whales, dolphins, and other marine life.

2.      Without seeking Wyland's consent, Defendants collectively caused the Dallas Whaling Wall Mural to be intentionally painted over and permanently destroyed. No one obtained a written waiver or consent from Wyland as required under federal law. This intentional destruction of Wyland's work of recognized stature violates the Visual Artists Rights Act of 1990 ("VARA"), 17 U.S.C. § 106A.

### PARTIES, JURISDICTION, AND VENUE

3.      Wyland is an individual domiciled in Florida.

4.      Fédération Internationale de Football Association (FIFA) is an association organized under the laws of Switzerland. Its principal office is located at 20 FIFA-Strasse, Zurich, Switzerland 8044 and it may be served with process through the procedures set forth by the Hague Conference on Private International Law.

5.      FIFA (Americas), Inc. is a non-profit corporation organized under the laws of the State of Delaware, whose principal office is located in Miami-Dade County at 396 Alhambra Circle, Suite 600, Coral Gables, Florida, 33134, and may be served with process by serving its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301.

6.      FWC2026 US, Inc. is a non-profit corporation organized under the laws of the State of Delaware, whose principal office is located in Miami-Dade County at 396 Alhambra Circle, Suite 400, Coral Gables, Florida, 33134, and may be served with process by serving its registered agent, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301.

7.      3PZ Property Company, LLC is a limited liability company organized under the laws of Delaware, whose principal office is located in Cook County at 150 N Wacker, Suite 3100,

Chicago, IL 60606, and who may be served with process by serving its registered agent, United Agent Group, Inc., at 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034.

8.      Slate Asset Management is a Limited Partnership organized under the laws of Canada, and it is a parent or affiliate of 3PZ and participates in management of the Building located at 505 N. Akard Street, Dallas, Texas 75201. Its principal office is located at 121 King St W, Suite 1600 Toronto, ON M5H 3T9 and it may be served with process through the procedures set forth by the Hague Conference on Private International Law.

9.      This Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1331 as Wyland's claims under the Visual Artists Rights Act (VARA) arise under the laws of the United States, presenting a federal question.

10.      This Court has personal jurisdiction over each of the Defendants. Each conducts business in the Northern District of Texas, including the acts outlined in this Complaint, and purposefully availed itself of the privileges and benefits of conducting business in Texas, thus invoking the benefits and protections of Texas law. 3PZ owns the Building located at 505 N. Akard Street in Dallas, Texas, upon which the Dallas Whaling Wall Mural stood. Slate is affiliated with 3PZ and participates in managing the Building. Upon information and belief, FIFA instigated and authorized the destruction of the Dallas Whaling Wall Mural. The Court's exercise of jurisdiction over the Defendants will not offend traditional notions of fair play or substantial justice.

11.      As more fully described in the Complaint, FIFA Americas and FIFA US are agents of the Federation. On information and belief, FIFA scouted locations for 2026 World Cup promotional materials through its agent North Texas FWC Organizing Committee. Thus, in addition to the Federation's own contacts with this District, FIFA Americas, FWC US, and North

Texas FWC Organizing Committee's contacts with this District are imputed to the Federation for jurisdictional purposes.[1]

12.    This litigation results from injuries to Wyland arising out of the contacts described above. The Court has specific jurisdiction over each Defendant.

13.    Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Wyland's claims occurred in this judicial district, including the destruction of the Dallas Whaling Wall Mural in Dallas, Texas.

FACTUAL BACKGROUND

A. The Dallas Whaling Wall Mural becomes a well-loved and recognized icon of Downtown Dallas.

14.    Wyland has earned international acclaim as a leading figure in environmental art. His works are instantly recognizable, and public demand is so high that he operates seven galleries across the United States. Beyond his substantial body of public and private works, Wyland's artistic vision reflects a deep commitment to ocean conservation and the protection of marine ecosystems. In 1993, he established the Wyland Foundation to promote awareness of marine pollution and foster community engagement with ocean health. Over three decades, the Wyland Foundation has supported the Whaling Wall mural initiative, a series that ultimately grew to include 100 large-scale murals in landlocked cities across the globe. The Whaling Walls are impressive in detail and scale, depicting life-size whales, dolphins, fish, and other marine life.

15.    One of the most prominent works in the Whaling Wall series is the Dallas Whaling Wall Mural. The Dallas Whaling Wall Mural was painted by Wyland in 1999 and dedicated by Herschel Walker and JCPenney. The Dallas Whaling Wall Mural featured humpback whales,

---

[1] *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521, 534 (5th Cir. 2014) ("The record demonstrates that TTP acted as TG's agent under Florida law when it conducted its Florida contacts. This principal-agent relationship allows for imputation of TTP's contacts to TG for the purposes of personal jurisdiction.")

PLAINTIFF'S ORIGINAL COMPLAINT – Page 4

dolphins, and other sea creatures in an underwater scene, and spanned roughly 17,000 square feet across two exterior walls of the Building.[2] In recognition of its cultural significance, Dallas Mayor Ron Kirk presented Wyland with a key to the city.



https://www.dallasnews.com/arts-entertainment/visual-arts/article/whale-mural-dallas-kacey-musgraves-reacts-22266591.php (last accessed May 24, 2026) (Lynda M. Gonzalez/Dallas Morning News).

16.     The creation of the Dallas Whaling Wall Mural was an incredible feat of artistic vision and determination. Wyland painted the mural entirely by hand over many weeks, working alone without the assistance of any other artists, a testament to his singular talent and dedication.

17.     Not only was every brushstroke his own, but Wyland painted the Dallas Whaling Wall Mural freehand, relying only on his memories and experiences as a scuba diver to accurately depict the majestic size of the whales, marine life, and their natural ocean surroundings.

---

[2] The Building that featured the Dallas Whaling Wall Mural before its destruction is owned by 3PZ. Slate recently became affiliated with 3PZ and participates in managing the Building.

Remarkably, he completed the mural without a prior sketch, yet the animals and environment were rendered with striking realism.

18.     The costs to create the mural were generously donated by Dallas community leaders, including JCPenney. Expenses not covered by donations were personally paid for by Wyland and the Wyland Foundation, reflecting the spirit of community and the artist's unwavering commitment to bringing the message of conservation to North Texas.

19.     The Dallas Whaling Wall Mural was an iconic fixture of the Downtown Dallas skyline. Residents and visitors alike appreciated its artistic merit, its striking visual contrast against the urban environment, and its message of ecological stewardship.

20.     The Dallas Whaling Wall Mural was important not only to the City of Dallas, but also to Wyland and his artistic mission. It was a labor of Wyland's personal love and dedication to its important message. It was a unique work of exceptional artistry and vision.

**B.  FIFA ramps up advertising and preparation for the 2026 FIFA World Cup.**

21.     Dallas is one of sixteen host cities for the 2026 FIFA World Cup, which will be held in the United States, Canada, and Mexico, with a significant number of matches hosted across the Dallas-Fort Worth region. FIFA has undertaken extensive promotional campaigns in North Texas leading up to the tournament, including public art installations, fan events, and media activations throughout the city. The Kay Bailey Hutchison Convention Center in Downtown Dallas will host FIFA's International Broadcast Center, itself drawing substantial international attention.

22.     The Federation in part facilitates and gains the economic benefit of its global reach by establishing agents to act on its behalf around the world. Multiple Federation agents act on its behalf with respect to the upcoming World Cup events in North Texas.

23.     The Federation established FIFA Americas to promote and manage its activities throughout the Americas. FIFA Americas carries out the Federation's promotional and

organizational goals in the United States, including activities for the FIFA World Cup 2026. Upon information and belief, the Federation controls the work of FIFA Americas, and the entity operates under the Federation's direction, branding, and governance.

24.     The Federation created FIFA US to plan and execute the 2026 FIFA World Cup in the United States. FIFA US serves that purpose by handling the tournament's organizational, promotional, and operational activities on the Federation's behalf. Upon information and belief, the Federation controls FIFA US's work, and the entity operates under the Federation's directives and supervision.

25.     The North Texas FWC Organizing Committee ("Committee") likewise operates as the Federation's agent. Upon information and belief, the Federation authorized the Committee to coordinate FIFA World Cup 2026-related activities and promotions in the Dallas-Fort Worth area. The Committee plans, coordinates, and carries out promotional events and activities (including, upon information and belief, the identification of and communications regarding potential sites for FIFA marketing displays) on the Federation's behalf. Upon information and belief, the Federation directs and controls the Committee's work, and the Committee answers to and operates under the Federation's authority and direction.

26.     As the Federation has announced, "[t]his is the first FIFA World Cup that is fully under FIFA's control."[3] In addition to an actual agency relationship, the Federation's statements to the public establish the Federation's apparent agency relationship with its U.S.-based affiliates. The Federation has publicly described its comprehensive control over World Cup operations and promoted its agents' activities through official channels. These public representations, including statements by the FIFA President and other FIFA officials regarding the Federation's supervision

---

[3] https://inside.fifa.com/organisation/news/world-cup-2026-team-workshop-atlanta-infantino-heimo-schirgi (last accessed May 28, 2026).

and direction of World Cup preparations in host cities, demonstrate that the Federation held out its agents—including FIFA Americas, FIFA US, and the Committee—as acting on its behalf and under its control. Upon information and belief, third parties in the host cities, including 3PZ and Slate, reasonably relied on these representations of authority in their dealings with the Federation's agents.

**C. FIFA destroys the Dallas Whaling Wall Mural, with the consent and approval of 3PZ and Slate.**

27.    Just a month before the games were to begin, work crews suddenly, without warning to Wyland, began painting over the Dallas Whaling Wall Mural, unceremoniously covering it with blue paint. Multiple lifts and forklifts were positioned along the wall as crews actively destroyed the Dallas Whaling Wall Mural. It eventually became apparent FIFA was the culprit. FIFA, through the North Texas FWC Organizing Committee, issued a statement that the Dallas Whaling Wall Mural was being replaced with a new work that would "celebrate and build excitement for the upcoming World Cup 2026."[4]

28.    By May 18, 2026, most of the larger wall had been erased, with only the adjacent wall still showing portions of the original Dallas Whaling Wall Mural:

---

[4] https://www.nbcdfw.com/news/local/iconic-whale-wall-mural-painted-over/4024257/ (last accessed May 24, 2026).



https://www.espn.com/soccer/story/_/id/48819494/world-cup-2026-dallas-whale-mural-art    (last accessed May 24, 2026) (AP Photo/Julio Cortez).

29.    Upon information and belief, Slate and 3PZ authorized FIFA to paint over and destroy the Dallas Whaling Wall Mural. As owners and managers of the Building, the destruction could not have happened without Slate's and 3PZ's consent. The commercial value of this enormous and highly visible wall to 3PZ and Slate is substantial.

30.    Upon information and belief, FIFA authorized, promoted, and benefited from the destruction and replacement of the Dallas Whaling Wall Mural.

31.    Defendants never contacted or informed Wyland about the proposed destruction of his Dallas Whaling Wall Mural or obtained his consent.

32.    In their zeal to capitalize on the international attention on Dallas during the FIFA World Cup, Defendants hastily and irrevocably destroyed a civic landmark. Though FIFA claims they were working to develop art for the host city, in truth, they defaced an historic fixture of the host city.

33.    Dallas and Wyland deserved better. The willful destruction of this celebrated artwork is not only a personal tragedy to Wyland and a loss to the Dallas community, but also a clear violation of VARA.

CAUSE OF ACTION - VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA)

34.    Wyland incorporates the preceding paragraphs as if set forth herein.

35.    The Dallas Whaling Wall Mural is a "work of visual art" within the meaning of 17 U.S.C. § 101. Specifically, the Dallas Whaling Wall Mural is a painting that exists in a single copy and was created by Wyland for purposes of being publicly displayed in Dallas. Wyland is the sole author of the Dallas Whaling Wall Mural.

36.    As the author of the Dallas Whaling Wall Mural, Wyland possesses certain moral rights protected under VARA, including the right of integrity. The right of integrity grants Wyland the ability to prevent the destruction of any of his works of recognized stature, and to prevent any intentional distortion, mutilation, or other modification of his works of that would be prejudicial to his honor or reputation. 17 U.S.C. § 106A(a)(3). The right of integrity can only be waived by Wyland if he has signed a written instrument expressly stating such. 17 U.S.C. § 106A(e)(1).

37.    17 U.S.C. § 113(d)(1)(B) further provides that a work that has been incorporated in or made part of a building in such a way that removing it will cause the destruction, distortion, mutilation, or other modification, cannot be so removed without a signed instrument specifying that such work may be subject to destruction, distortion, mutilation, or other modification, by reason of its removal.

38.     The Dallas Whaling Wall Mural is a work of indisputably recognized stature. Since its completion in 1999, the Dallas Whaling Wall Mural has been recognized by art experts, critics, and the public[5] as an important work of art with significant cultural and artistic value.

39.     Defendants, acting individually or in concert, intentionally caused the Dallas Whaling Wall Mural to be painted over and destroyed. Beginning in mid-May 2026, work crews directed or authorized by Defendants covered the Dallas Whaling Wall Mural with paint, obliterating substantially all of the original artwork. This conduct constituted intentional distortion, mutilation, or other modification of a work of visual art that is prejudicial to Wyland's honor or reputation in violation of 17 U.S.C. § 106A(a)(3)(A).

40.     The distortion, mutilation, and modification of the Dallas Whaling Wall Mural is prejudicial to Wyland's honor and reputation as an artist. Wyland is internationally recognized as a leading environmental artist whose works are dedicated to the mission of marine conservation. The painting over and destruction of the Dallas Whaling Wall Mural harms Wyland's reputation by eliminating a prominent, publicly visible work that exemplified his artistic vision and commitment to ocean conservation.

41.     Defendants' conduct also constitutes intentional destruction of a work of recognized stature in violation of 17 U.S.C. § 106A(a)(3)(B). The destruction of the Dallas Whaling Wall Mural was willful and deliberate. Defendants knowingly caused the Dallas Whaling Wall Mural to be painted over and permanently destroyed.

42.     Defendants failed to obtain a written waiver from Wyland of his rights as required under 17 U.S.C. § 106A(e)(1). Similarly, there is no written instrument signed by Wyland that

---

[5] *See e.g.,* https://abcnews.com/US/wireStory/outcry-erupts-whale-mural-beloved-dallas-replaced-art-133128724 (last accessed May 24, 2026) (providing examples of public outcry in reaction to the sudden destruction of the Dallas Whaling Wall Mural).

specifies the installation of the Dallas Whaling Wall Mural may be subject to destruction, distortion, mutilation, or other modification, by reason of its removal under 17 U.S.C. § 113(d)(1)(B).

43.     As a direct and proximate result of Defendants' willful violations of VARA, Wyland has suffered and will continue to suffer injury.

## DAMAGES

44.     Wyland is entitled to recover actual damages, including any additional profits attributable to the violation under 17 U.S.C. § 504(a)(1), or in the alternative, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement under 17 U.S.C. § 504(c)(2). Wyland seeks actual damages of not less than $25,000,000.

## ATTORNEYS' FEES

45.     Under 17 U.S.C. § 505, Wyland is entitled to recover his reasonable and necessary attorneys' fees and costs incurred in connection with this claim.

## JURY DEMAND

46.     Wyland requests a jury trial and will tender the applicable jury fee.

## PRAYER

Plaintiff Wyland respectfully requests that Defendants Fédération Internationale de Football Association (FIFA), FIFA (Americas), Inc., FWC2026 US, Inc., 3PZ Property Company, LLC, and Slate Asset Management be cited to appear and answer herein, and that the Court award final judgment in favor of Wyland and against Defendants for all of Wyland's actual damages,

costs of court, prejudgment and post-judgment interest, attorneys' fees, and all other relief to which

Wyland is justly entitled.

Dated: June 1, 2026.                                    Respectfully submitted,

                                                  By:  */s/ Monica W. Latin*

                                                     Monica W. Latin
                                                      Texas Bar No. 00787881
                                                     mlatin@ccsb.com
                                                     Andrea Perez
                                                     Texas Bar No. 24070402
                                                     aperez@ccsb.com
                                                     Emily H. Owen
                                                     Texas Bar No. 24116865
                                                     eowen@ccsb.com
                                                     CARRINGTON, COLEMAN, SLOMAN
                                                     & BLUMENTHAL, L.L.P.
                                                   901 Main Street, Suite 5500
                                                   Dallas, Texas 75202
                                                   Telephone: 214/855-3000
                                                   Facsimile: 214/855-1333

                                                      **ATTORNEYS FOR PLAINTIFF WYLAND**